NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianlee.com
GLENN R. COFFMAN, SBN 305669
glenn.coffman@salisianlee.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianlee.com
**SALISIAN | LEE LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071
Telephone:   (213) 622-9100
Facsimile:    (800) 622-9145

MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
**BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION

# THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LUMIN AUTOGLASS LLC, a Texas limited liability company; and KIRK GIBSON RUMMEL III, an individual,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF AMERIS BANK D/B/A/ BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:**<br><br>**1. BREACH OF MASTER LEASE AGREEMENT**<br><br>**2. BREACH OF PERSONAL GUARANTY** |

COMPLAINT

1  Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing
2  business as Balboa Capital Corporation, ("Balboa" or "Plaintiff"), alleges as
3  follows:

**PARTIES AND JURISDICTION**

5  1. Plaintiff Ameris Bank d/b/a Balboa Capital Corporation ("Balboa" or
6  "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered
7  banking corporation with Balboa Capital Corporation as one if its divisions, which
8  division has its principal place of business in the State of California, County of
9  Orange.

10  2. Defendant Lumin Autoglass LLC ("Lumin") is, and at all times
11  relevant to this action was, a Texas limited liability company with its principal
12  place of business in the County of Harris, State of Texas.

13  3. Defendant Kirk Gibson Rummel III ("Rummel III"), an individual, is
14  and at all times relevant to this action was, a resident of the County of Harris, State
15  of Texas, and was an officer, director, shareholder, agent and/or owner of
16  Defendant Lumin.

17  4. Plaintiff is informed and believes, and thereon alleges, that all
18  Defendants, including any members or shareholders of any defendant entities, are
19  all located outside of California and Georgia.

20  5. The obligations sued upon herein are commercial in nature and the
21  Complaint herein is not subject to the provisions of California Civil Code section
22  1801, *et seq.* (Unruh Retail Installment Sales Act), and/or California Civil Code
23  section 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

24  6. Pursuant to the Master Lease Agreement and Guaranty described
25  herein below, defendant Lumin and defendant Rummel III agreed those documents
26  would be governed by the laws of the State of California. In addition, the
27  Equipment Lease Agreement provides, in pertinent part, as follows:
28

1

COMPLAINT

**32. GOVERNING LAW (EXCLUSIVE AND MANDATORY TO CALIFORNIA):** Our relationship (including the Master Lease and Schedules, and any claim, dispute or controversy (whether in contract, tort, or otherwise) at any time arising from or relating to this Master Lease or Schedules) will be exclusively governed by, and the Master lease and Schedules will be exclusively construed in accordance with, applicable federal law and (to the extent no preempted by federal law) the Laws of the State of California without regard to internal principles of conflict of laws. The legality, enforceability and interpretation of this Master Lease and the amounts contracted for, charged and reserved under this Master Lease or Schedules will be exclusively governed by such laws.

7. <u>Jurisdiction</u>. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

8. <u>Venue</u>. The venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

## FIRST CAUSE OF ACTION

**(Breach of Master Lease Agreement)**

**(Against Lumin)**

9. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

10. Prior to June 2022, Balboa is informed and believes that Lumin initiated and engaged with Pacific Fleet & Lease Sales, Inc., located at 24432 Pacific Hwy, Kent, WA 98032 ("Equipment Vendor"), in order to coordinate the leasing of certain equipment (hereinafter referred to as the "Collateral") for its business. The Equipment Vendor worked with Lumin in the selection of the Collateral and in coordinating its delivery.

11. Thereafter, Balboa is informed and believes, and therefore alleges, that the Equipment Vendor initiated and coordinated submission of Defendants' electronic credit application to Balboa and other financial institutions. Upon review, Lumin concluded that Balboa offered agreeable terms to finance the Collateral commensurate with its requirements. Thereafter, the Equipment Vendor

accumulated and submitted to Balboa the requisite signatories, documentation, and financial information from the Defendants to finance the Collateral being supplied by the Equipment Vendor.

12. On or about June 23, 2022, Lumin executed a certain written Master Lease Agreement No. 409494-000 (the "MLA"), under the terms of which Balboa leased to Lumin the Collateral for its business. The MLA required Lumin to make twenty (20) quarterly payments of $7,194.30, payable on the 15th day of every third month, beginning on or about September 15, 2022. A true and correct copy of the MLA is attached as **Exhibit A** and is incorporated here by reference.

13. The last payment received by Balboa was credited toward the monthly payment due for September 15, 2023. Therefore, on or about December 15, 2023, Lumin breached the MLA by failing to make the quarterly payment due on that date. Defendant Lumin's failure to make timely payments is a default under the terms of the MLA.

14. In accordance with the MLA, and as a proximate result of Lumin's default thereunder, Balboa declared the entire balance of the payments under the MLA to be immediately due and payable to Balboa. Therefore, there became due the sum of $107,914.50. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Lumin.

15. Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the MLA, except as excused or prevented by the conduct of Lumin.

16. In addition, the terms of the MLA provide that Lumin is liable to Balboa for all late charges. As of the date of the filing of Balboa's Complaint, late charges in the sum of $1,726.64 are now due and owing.

17. As a proximate result of Lumin's breach of the MLA, Balboa has been damaged in the total sum of $109,641.14, plus prejudgment interest from December 15, 2023, until the entry of judgment herein.

COMPLAINT

18. Further, under the terms of the MLA, Lumin promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the MLA. Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Lumin.

19. The MLA also provides Balboa the remedy of possession of the Collateral and to obtain an order that Balboa may, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the remaining loan balance. Alternatively, if possession cannot be had, Balboa is entitled to recover the value of the Collateral.

## SECOND CAUSE OF ACTION
### (Breach of Guaranty)
### (Against Rummel III)

20. Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

21. Concurrent with the execution of the MLA, and in order to induce Balboa to enter into the MLA with Lumin, Rummel III guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to Balboa under the terms of the MLA. A true and correct copy of the written Personal Guaranty signed by Rummel III (the "Guaranty") is attached as **Exhibit B** and incorporated herein by reference.

22. Balboa has performed all the terms, conditions, and covenants required to be performed by Balboa under the terms of the Guaranty, except as excused or prevented by the conduct of Rummel III.

23. Following a default of Lumin under the terms of the MLA, Balboa demanded Rummel III make the payments required under the MLA. Rummel III failed to meet the guaranty obligations and make the payments required under the MLA.

24.     Pursuant to the terms of the Guaranty, the sum of $109,641.14, plus prejudgment interest from December 15, 2023, is due and payable to Balboa from Rummel III.  This Complaint, in addition to previous demands, shall constitute further demand upon Rummel III to pay the entire indebtedness due and owing from Lumin to Balboa under the terms of the MLA.

25.     Under the terms of the Guaranty, Rummel III promised to pay all costs, including reasonable attorneys' fees, incurred by Balboa in the enforcement of the MLA and the Guaranty.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs, as against Rummel III.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

**On the First and Second Causes of Action:**

1.     The principal sum $109,641.14;

2.     Prejudgment interest from December 15, 2023 to the date of entry of judgment;

3.     Late charges and non-sufficient charges in an amount to be proven at trial;

4.     An order to recover possession of the Collateral, which is the subject of the MLA, or if the Collateral cannot be delivered, for its reasonable value according to proof;

5.     Reasonable attorneys' fees and costs;

6.     Costs of suit as provided by law; and

//
//
//
//
//

7. Such other and further relief that the Court considers proper.

DATED: February 14, 2024    SALISIAN | LEE LLP

By: _____
Neal S. Salisian
Glenn R. Coffman
Jared T. Densen

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL CORPORATION